**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

|  |  |  |
|---|---|---|
| Jared T., | ) | |
|      Plaintiff, | ) | |
| | ) | |
|  v. | ) | C.A. No. 1:25-cv-00553-AEM |
| | ) | |
| Frank Bisignano, Commissioner, | ) | |
|     Social Security Administration, | ) | |
|     Defendant. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

AMY E. MOSES, United States Magistrate Judge.

Plaintiff Jared is a 35-year-old who suffers from severe impairments of anxiety, depression, rheumatic arthritis, and Lyme disease.  ECF No. 9 at 23, 32.  The Commissioner of the Social Security Administration (the "Commissioner" or "Defendant") denied Jared's claims for Supplemental Security Income ("SSI") and Social Security Disability Income ("SSDI") under the Social Security Act (the "Act"), 42 U.S.C. § 405(g).  *Id.* at 18-33.

With the consent of the parties, this case has been referred to me for all further proceedings and the entry of judgment in accordance with 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure.  Based upon my review of the record, the parties' submissions, and independent research, I find that there is substantial evidence in the record to support the Commissioner's decision and findings that Jared is not disabled within the meaning of the Act.

### I.    BACKGROUND

#### A.  Procedural History

Jared filed applications for SSDI and SSI on April 19, 2023.  ECF No. 9 at 21.  His claims were denied initially on August 3, 2023 (*id.* at 85-109) and on reconsideration on November 21, 2023 (*id.* at 110-18).  Jared requested an Administrative Hearing that was held on May 2, 2024 before Administrative Law Judge Paul Goodale (the "ALJ").  *Id.* at 38-84.  At the hearing, Jared was represented by counsel and testified, and Vocational Expert ("VE") Edmond Calandra testified as well.  *Id.*  The ALJ issued a decision unfavorable to Jared on August 29, 2024 (*id.* at 18-33) and the Appeals Council denied Jared's request for review on August 19, 2025 (*id.* at 5-7).  Jared timely appealed by filing his Complaint on October 23, 2025.  ECF No. 1.  On March 23, 2026, Jared filed Plaintiff's Motion to Reverse the Decision of the Commissioner.  ECF No. 13.  The Commissioner filed Defendant's Motion to Affirm the Commissioner's Decision on April 13, 2026 (ECF No. 15) and Jared filed his Reply on April 27, 2026 (ECF No. 16).

#### B.  ALJ Decision

The ALJ follows a five-step process in evaluating a claim of disability.  *See* 20 C.F.R. §§ 404.1520, 416.920.  The claimant bears the burden of proof at Steps One through Four, and the Commissioner bears the burden at Step Five.  *Wells v. Barnhart*, 267 F. Supp. 2d 138, 144 (D. Mass. 2003).  The Court recounts below only the Steps implicated in Jared's appeal.

At Step Three, the ALJ found that Jared did not have an impairment or combination of impairments that met or medically equaled a Listing.  ECF No. 9 at 24.  When considering the severity of Jared's mental limitations at this Step, the ALJ found that Jared had a moderate limitation in concentrating, persisting, or maintaining pace—*i.e.*, "the ability to sustain focused attention sufficiently long enough to permit timely completion of tasks commonly found in a work

setting." *Id.* at 25. In so finding, the ALJ noted that Jared testified that he struggles to sustain concentration and complete tasks and that the evidence shows he was "at times distractable and circumstantial" during his consultative examination. *Id.* at 25-26. However, the ALJ also noted that his "mental status examinations generally document intact memory, attentiveness, good concentration, intact thought process, and intact judgment," and that he scored a 30 out of 30 on a mini-mental status examination during the consultative exam, "evidencing no notable deficits in gross cognitive skills." *Id.*

The ALJ then determined that Jared had the Residual Functional Capacity ("RFC")[1] to perform light work with the following limitations: Jared can occasionally stoop, crouch, crawl, kneel, climb ramps or stairs; can frequently balance, handle, and reach bilaterally; and cannot climb ladders, ropes, or scaffolds. *Id.* at 26. He should avoid concentrated exposure to workplace hazards such as dangerous machinery and unprotected heights. *Id.* at 26. He can do simple, routine, repetitive tasks, involving only simple work-related decisions, and can do individual table/bench work; can tolerate occasional changes in workplace settings; and cannot do production rate or pace work such as assembly-line work. *Id.* He can occasionally interact with the public but be in frequent proximity to others without interaction. *Id.* The ALJ specifically noted that although Jared experiences some limitations stemming from his mental impairments, "the medical evidence overall does not support restrictions beyond the assessed residual functional capacity." *Id.* at 29.

---

[1] RFC is "the most you can still do despite your limitations," considering "[y]our impairment(s), and any related symptoms, such as pain, [that] may cause physical and mental limitations that affect what you can do in a work setting." 20 C.F.R. § 404.1545(a)(1).

## II.    STANDARD OF REVIEW

The Commissioner's findings as to any fact "shall be" conclusive if supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  The determination of substantiality is based upon an evaluation of the record as a whole.  *Frustaglia v. Sec'y Health & Hum. Servs.*, 829 F.2d 192, 195 (1st Cir. 1987) (per curiam); *Brown v. Apfel*, 71 F. Supp. 2d 28, 30 (D.R.I. 1999), *aff'd*, 230 F.3d 1347 (1st Cir. 2000) (per curiam).  The Court's role in reviewing the Commissioner's decision is limited.  *Brown*, 71 F. Supp. 2d at 30.  The Court does not reinterpret or reweigh the evidence or otherwise substitute its own judgment for that of the Commissioner.  *Thomas P. v. Kijakazi*, C.A. No. 21-00020-WES, 2022 WL 92651, at *8 (D.R.I. Jan. 10, 2022), *report and recommendation adopted by text order*, (D.R.I. Mar. 31, 2022).  Where the Commissioner's decision is supported by substantial evidence, the Court must affirm.  *Tegan S. v. Saul*, 546 F. Supp. 3d 162, 168 (D.R.I. 2021); *Rodriguez Pagan v. Sec'y Health & Hum. Servs.*, 819 F.2d 1, 3 (1st Cir. 1987) (per curiam).

## III.    ANALYSIS

On appeal to this Court, Jared claims that the RFC is not supported by substantial evidence.  ECF No. 13 at 8.  He argues that the ALJ failed to create a "logical bridge" between the Step Three finding that Jared is moderately limited in his ability to concentrate, persist, or maintain pace and the RFC finding that he can still perform simple, routine, repetitive work.  ECF No. 13 at 8-9.  The Commissioner argues that the Step Three moderate limitation should not be equated with an RFC restriction and moves to affirm the ALJ's decision as supported by substantial evidence.  ECF No. 15 at 1, 3-4.

Pursuant to Social Security Ruling ("SSR") 96-8p, the criteria utilized to determine whether a claimant's impairment or combination of impairments meet or medically equal a Listing "are not an RFC assessment but are used to rate the severity of mental impairment(s) at steps 2 and 3 of the sequential evaluation process." 1996 WL 374184, at *4 (July 2, 1996). Furthermore, a moderate limitation in concentrating, persisting, or maintaining pace "does not translate to a *per se* work preclusive RFC limit." *Lisa M. v. Dudek*, C.A. No. 24-196PAS, 2025 WL 723736, at *6 (D.R.I. Mar. 6, 2025). The ALJ appropriately considered all the evidence and noted that the record as a whole demonstrated that although Jared is moderately limited in his ability to concentrate, persist, or maintain pace, he can still perform simple, routine, repetitive work. ECF No. 9 at 25-31.

In crafting the RFC, the ALJ noted that mental status examinations were overall "grossly benign" and depicted Jared as "alert, oriented, attentive, and cooperative with normal speech, no memory impairment, intact thought process and content, good concentration, good grooming, and intact insight and judgment." *Id.* at 29; *see, e.g.*, *id.* at 311 ("Affect: appropriate" and "Insight: good"), 335 ("General Appearance: oriented x3, speaking in full sentences, no distress."), 368 ("Memory: no impairment," "Attention: attentive," "Thought Process: appropriate to content," "Thought Content: appropriate to circumstances"). The ALJ noted that instances of Jared presenting with an anxious mood were manageable, that he was "easily redirectable" when distracted, and that his treating provider noted he "'copes with his challenges relatively well.'" *Id.* at 29; *see id.* at 321 ("[Jared] is looking to gain healthy coping skills" and "to work through some of his challenges."). The ALJ also relied on the opinions of the state agency psychological consultants who found that Jared had a moderate limitation in maintaining attention and concentration but nevertheless was "capable of attending to basic tasks that are simple, routine,

5

repetitive, [and] familiar in nature." *Id.* at 30; *see id.* at 91, 103.  The ALJ concluded that the state agency psychological consultants' limitation to simple, routine, and repetitive tasks was "supported by corresponding discussions of the evidence reviewed" as well as by the evidence of record, including that he was sometimes distractable.  *Id.* at 30.

Jared specifically argues that the ALJ disregarded certain findings from a June 30, 2022 consultative evaluation by Dr. Louis A. Cerbo, Ed.D. and "cherry picked" others.  ECF No. 13 at 11-12.  As noted by the ALJ, all evidence is considered when making a disability determination, 20 C.F.R. §§ 404.1520(a)(3), 404.1520b, 416.920, 416.920(b), but unlike medical opinions and prior administrative medical findings, there is no requirement that the ALJ specifically articulate how he considered the objective medical evidence or other medical evidence.  *See id.* §§ 404.1520c, 416.920(c).   The ALJ explained that Dr. Cerbo's examination, "while informative, did not include an opinion regarding the claimant's impairment-related limitations or restrictions."  ECF No. 9 at 31.  As such, Dr. Cerbo's examination was correctly deemed "other medical evidence" and the ALJ considered it as is required under the statute.  *See* 20 C.F.R. §§ 404.1520c, 416.920(c).   Furthermore, the ALJ did consider "abnormalities" in Dr. Cerbo's report, including that he found Jared "at times distractable and circumstantial during the consultative examination but was easily redirectable."  ECF No. 9 at 29; *see also id.* at 306 (Dr. Cerbo noting Jared's "circumstantial thought process appeared to be related to him being anxious" but that his "assessment indicted intact attention/concentration" and intact "learning ability skills").[2]

---

[2] The Government argues that Dr. Cerbo's consultative exam report was "unavailing" because it was completed as part of a prior application for disability insurance benefits that was denied in July 2022 and that Jared did not appeal.  ECF No. 15 at 7.  Nevertheless, as noted above, the ALJ considered Dr. Cerbo's findings in crafting Jared's RFC.

Jared argues that the ALJ "failed to explain *how* the RFC accounts for [Jared's] limitations." ECF No. 13 at 13. Jared ignores that the ALJ went to great lengths to fully explain his analysis of his limitations and how they corresponded to the RFC. ECF No. 9 at 28-31. For example, the ALJ recognized that Jared "experiences some limitations stemming from his impairments" and that he "may find interactions with others challenging." *Id.* at 29, 30. The ALJ therefore created an RFC finding Jared capable of only "simple work-related decisions" and only "occasional interaction with the general public." *Id.* at 26. Jared also ignores that he bears the burden of proof at Step Three and fails to point to any evidence that supports that his Step Three moderate limitations required a more restrictive RFC. *See Lisa M.*, 2025 WL 723736, at *5.

Jared has not shown any error in the ALJ's evaluation of the evidence or in the ultimate RFC finding, and the RFC is supported by substantial evidence. Thus, the ALJ's decision must be affirmed.

## IV.    CONCLUSION

For the reasons discussed herein, Plaintiff's Motion to Reverse the Decision of the Commissioner (ECF No. 13) is DENIED and Defendant's Motion to Affirm the Commissioner's Decision (ECF No. 15) is GRANTED. The Clerk shall enter Final Judgment in favor of Defendant.


 */s/   Amy E. Moses*
AMY E. MOSES
United States Magistrate Judge

May 21, 2026